IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDE THOMAS MARSHALL,<br>    #01104971,<br>            PETITIONER,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION DIV.,<br>            RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 3:19-CV-1709-S-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Claude Thomas Marshall's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. As detailed here, Marshall's habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I.    BACKGROUND**

On June 3, 2002, Marshall pled guilty to murder and was sentenced to 25 years' imprisonment. *Marshall v. State*, No. F0174865 (195th Jud. Dist. Ct., Dallas Cty., Tex., June 3,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

2002); Doc. 3 at 2.[2]  He did not file a direct appeal and, subsequently, unsuccessfully sought state habeas relief.  *Ex parte Marshall*, No. WR-86,720-02 (Tex. Crim. App. June 5, 2019); Doc. 3 at 3-4.[3]  On July 17, 2019, Marshall filed this *pro se* habeas case, alleging actual innocence, ineffective assistance of counsel, and malicious prosecution.  Doc. 3 at 6-7.

As his federal petition appeared untimely, the Court twice directed Marshall to respond regarding the application of the one-year limitations period.  Doc. 8.  To date, however, he has failed to respond to the Court's orders.  Doc. 8; Doc. 11 (electronic order granting *sua sponte* extension of time).  That notwithstanding, a review of the petition reveals it is indeed barred by the applicable statute of limitations.

## II.     ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  Marshal does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A) (providing state prisoner one year to file a federal habeas petition,

---

[2] The trial court docket sheet is available at http://courtecom.dallascounty.org/publicaccess/ (last accessed July 21, 2020).  Marshall pled guilty to two murder offenses.  Only the conviction in cause number F0174865 is at issue in this case.

[3] The Court of Criminal Appeals docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-86,720-02&coa=coscca (last accessed July 21, 2020).

starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Marshall did not pursue a direct appeal, his conviction became final on July 3, 2002—30 days after the June 3, 2002 judgment.  *See* TEX. R. APP. P. 26.2(a)(1).  The limitations period expired one year later, on June 3, 2003.  And because Marshall did not sign his state application until October 4, 2017, over 14 years after the limitations period expired, he is not entitled to statutory tolling.[4]  See 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, the petition *sub judice*, deemed filed on July 15, 2019, is clearly outside the one-year limitations period, absent equitable tolling.[5]

**B.  Equitable Tolling**

Marshall's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)); *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of the equitable tolling test is met only where the

---

[4] The state application is deemed filed on October 4, 2017, the date on which Marshall indicated it was signed and, therefore, likely it was also handed to prison officials for mailing.  *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *see also Ex parte Marshall*, No. W0174865B, *Application for Writ of Habeas Corpus* (195th Jud. Dist. Ct., Dallas Cty., Tex., filed October 10, 2017), available at http://courtecom.dallascounty.org/publicaccess/ (last visited July 21, 2020).

[5] For purposes of this recommendation, the federal petition is deemed filed on July 15, 2019, the date Marshall certifies placing it in the prison mail system.  Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Besides this is not a case in which Marshall pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He waited more than 15 years from the date his conviction became final to file his state habeas application and delayed more than a month after his state application was denied before he submitted his federal petition for mailing. Further, Marshall's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, Marshall has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### C. Actual Innocence

Despite his guilty plea, Marshall also purports to raise a claim of actual innocence. However, his assertions are unavailing. While a claim of actual innocence may provide "a

gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Marshall premises his actual innocence claim exclusively on the transcript from the trial of his co-defendant, Cleotis Jones. Doc. 5 at 4-42 (summarizing evidence from co-defendant's trial). He asserts that all of the evidence at trial pointed to co-defendant Jones committing the murder alone and, as such, there is no proof that Marshall could have committed the crime. *Id.* Marshall was charged and convicted as a party to murder, however. Moreover, Jones was tried in February 2002 and, thus, the evidence on which he now relies was available to his counsel before Marshall pled guilty in June 2002. *See Perkins*, 569 U.S. at 386 (concluding that a petitioner presents a credible claim of actual innocence by producing new evidence that is sufficient to persuade the court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at 329)).

Even when liberally construed, Marshall's arguments are not supported by new, reliable evidence that was not available when he pled guilty. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable

investigation.'"); *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (per curiam) ("[I]nformation … known by and available to [the petitioner] and trial counsel at or before trial … did not qualify as new evidence for purposes of *Schlup* and Perkins.). Consequently, Marshall's assertion that he is innocent does not even come close to satisfying the rigorous standard in *Schlup*. Thus, Marshall plainly fails to present a credible claim of actual innocence. Accordingly, the actual innocence exception is inapplicable under the facts of this case, and the petition is time barred.

### III.  CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on July 27, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).